J-S08005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT KARL BARGER | : | |
| | : | |
| Appellant | : | No. 240 WDA 2017 |

Appeal from the PCRA Order January 13, 2017
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0003703-2011

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 15, 2018**

Robert Karl Barger appeals from the trial court's order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

In 2006, Barger was convicted of unlawful contact/communication with a minor.  He was sentenced to an aggregate term of 5-20 years' incarceration and was designated as a "sexually violent predator" (SVP) under Megan's Law ("the Law").[1]   As a result, Barger was ordered to comply with the Law's

_____

[1] 42 Pa.C.S. §§ 9791-9799.9.    Barger was sentenced under the Commonwealth's prior version of Megan's Law, Megan's Law III, which was signed into law on November 24, 2004, and established mandatory registration and notification procedures for SVPs.  Effective December 20, 2012, the General Assembly enacted the Sexual Offender Registration and Notification Act (SORNA), which provided for the expiration of prior registration requirements under Megan's Law III.    Recently, in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), our Supreme Court

_____

*   Former Justice specially assigned to the Superior Court.

registration requirements. ***See*** 42 Pa.C.S. § 9795.1(b)(3) (requiring lifetime registration for sexually violent predators). In September 2012, Barger was found guilty of failing to comply with the Law's registration requirements and failing to provide accurate information when registering, in violation of 18 Pa.C.S. §§ 4915(a)(1) & (3);[2] he was sentenced to an aggregate period of 5-20 years' incarceration. Barger filed a direct appeal; our Court affirmed his judgment of sentence. ***Commonwealth v. Barger***, 919 WDA 2013 (Pa. Super. filed Dec. 4, 2013) (finding that transient/homeless address status does not exempt SVP from the Law's registration requirements).

Barger filed a timely petition for allowance of appeal that was denied on May 7, 2014.[3] Barger filed a *pro se* PCRA petition; counsel was appointed and later filed a ***Turner***/***Finley***[4] no-merit letter seeking to withdraw. On January

_____

held that SORNA was an unconstitutional *ex post facto* law when applied retroactively to sexual offenders convicted of crimes before SORNA's effective date and subjected to increased registration requirements under SORNA after its passage. However, in March 2014, the General Assembly enacted Act 19 of 2014, which modified the wording of section 9799.13(3) of SORNA to clarify that persons who were required to register with the state police at any time before SORNA's effective date, and whose registration period had not expired, were still obligated to register with the state police as provided in that section.

[2] This section is now expired. ***See infra*** n.1.

[3] On the same day Barger filed his petition for allowance of appeal, he also filed his first PCRA petition. The court appointed counsel and stayed the PCRA proceedings until the Supreme Court rendered its decision on the petition for allowance of appeal.

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

26, 2015, the court granted counsel's petition to withdraw and denied Barger's petition. On November 8, 2016, Barger filed the instant, his second, PCRA petition. On January 13, 2017, the court denied the petition.

On appeal, Barger asserts that the PCRA court erred in dismissing his petition, without an evidentiary hearing, where the issues he raised in the petition concern the legality of his sentence due to the trial court's lack of subject matter jurisdiction over his case based on the Supreme Court's decision, **Commonwealth v. Neiman**, 84 A.3d 606 (Pa. 2013).

Instantly, Barger's judgment of sentence became final one year from the date that time expired to file a petition for writ of certiorari with the United States Supreme Court, or on August 7, 2015. **See** 42 Pa.C.S.A. § 9545 (b)(3); Sup. Ct. R. 13. Barger did not file his petition until November 8, 2016, more than one year beyond the expiration date. Thus, his petition is facially untimely. **See** 42 Pa.C.S.A. § 9545(b)(3) (generally, petition for PCRA relief, including second or subsequent petition, must be filed within one year of date judgment is final).

Unless Barger pleads and proves an exception to the PCRA time-bar, he may be afforded no relief. **See** 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii). Here, Barger cites to **Neiman** to support his claim that he is entitled to relief. In **Neiman**, our Supreme Court declared Act 152, which included the relevant Megan's Law III provisions, unconstitutional. However, it is well-settled that a new judicial opinion does not constitute an exception to the PCRA time bar under 42 Pa.C.S.A. § 9545(b)(1)(ii). **See Commonwealth v. Watts**, 23 A.3d

- 3 -

980, 987 (Pa. 2011); **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013). Moreover, Barger's reference to section 9545(b)(1)(iii), the PCRA's after-recognized constitutional right exception, is also not applicable, as neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that the **Neiman** decision is to be applied retroactively.

Moreover, even if we were to hold that the **Neiman** decision constituted an exception to the time bar, Barger's claim would fail because he did not file the instant PCRA petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). To comply with the sixty-day requirement, Barger had to file his petition within sixty days from the date of the **Neiman** decision, not sixty days from the date he became aware of the decision. **See Cintora**, **supra**. **Neiman** was decided by our Supreme Court on December 16, 2013; Barger filed his petition on November 8, 2016, almost three years later. Thus, because his untimely petition fails to plead and prove an exception to the PCRA time-bar, the trial court lacked jurisdiction to consider Barger's petition and properly dismissed it. 42 Pa.C.S. § 9545(a).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2017

- 4 -